EDWARD S. HAMILTON *et al.*, as Executors &c. of Peter Townsend, Respondents, *against* CASSIUS H. READ *et al.*, Appellants.

(Decided February 1st, 1886).

During the term of a lease of real property at a monthly rental, the lessee made a lease of the premises for the unexpired term of the original lease at an advanced rental, and subsequently assigned all right, title and interest under such sub-lease to the landlord in chief. *Held*, that the assignment did not constitute a merger of the title, such as to bar a recovery by the landlord in chief against sureties upon the original lease for rent subsequently accruing under it.

APPEAL from a judgment of this court entered upon the report of a referee.

The action was brought against sureties upon a lease, to recover rent accruing under the lease.

Hamilton v. Read.

The plaintiffs' testator, Peter Townsend, owned the premises known as No. 129 Fifth Avenue, in the City of New York, and by a lease dated April 19th, 1881, demised the same to Mary A. Kieff until May 1st, 1883, at a monthly rental of $250.

On August 25th, 1882, Kieff executed a lease of the premises to L. Carpenter Cocks, for the unexpired term of the lease at a rental of $525 a month. On December 14th, 1882, Kieff assigned to Townsend all her right, title and interest under her lease of August 25th, 1882.

This action is brought against the defendants as sureties for Kieff upon the original lease for the rent accruing April 1st, 1883.

As appears by the record, the liability of the defendants has been established in previous actions upon the lease in question (see *ante*, p. 198). The main defense now interposed is that the assignment to Townsend of December 14th, 1882, constituted a merger of the title, and is a bar to plaintiffs' right of recovery.

Upon trial before a referee, he found in favor of the plaintiffs, and judgment for plaintiffs was entered upon his report. From the judgment defendants appealed.

*Christopher Fine*, for appellants.

*I. T. Williams*, for respondents.

LARREMORE, Ch. J.—[After stating the facts as above].— The plea of merger cannot be sustained. It is not favored in law, and rests mainly upon the intention of the parties.

The assignment of December 14th, 1882, created a new estate at an advanced rent, and the assignee of such estate was entitled to its benefits (*Gansen* v. *Tifft*, 71 N. Y. 48). While the lease to Kieff was outstanding the sureties upon it were liable according to its terms. Townsend must be simply regarded as a party subrogated in interest to Kieff, and the fact that he was the owner in fee could not

deprive him of the rights acquired by the assignment of December 14th, 1882.

The judgment should be affirmed, with costs.

ALLEN and BOOKSTAVER, JJ., concurred.

Judgment affirmed, with costs.